Filed 7/3/14  P. v. McClelland CA2/2

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION TWO

| | |
|---|---|
| THE PEOPLE, | B251285 |
| Plaintiff and Respondent, | (Los Angeles County Super. Ct. No. LA073761) |
| v. | |
| JAMES MCCLELLAND, | |
| Defendant and Appellant. | |

THE COURT:[*]

A jury convicted appellant James McClelland of resisting an executive officer in the performance of his duties in violation of Penal Code section 69.  Appellant admitted four prior felony convictions (two separate prison commitments) alleged pursuant to Penal Code section 667.5, subdivision (b).  The trial court sentenced appellant to four years in county jail, comprised of the midterm of two years for the substantive offense

---

[*]     ASHMANN-GERST, Acting P.J., CHAVEZ, J., FERNS, J.†

†     Judge of the Los Angeles Superior Court, assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.

and one consecutive year for each prior term of imprisonment. Appellant timely appealed.

## FACTS

On April 8, 2013, at approximately 4:20 p.m., Jonathan Michael Arnoldi and his girlfriend Constance Hall, were returning to their home when they saw appellant enter their residence through a side window. Arnoldi called 911 and reported a burglary.

Los Angeles Police Department Sergeant Michael Henderson responded to the burglary call. Sergeant Henderson was on duty and was dressed in full uniform. Arnoldi waved Sergeant Henderson down and told him that appellant was a "very violent person" and he was "scared to death of him." Arnoldi pointed to his residence and Sergeant Henderson saw appellant pacing back and forth in the front yard. Sergeant Henderson approached appellant and ordered him to get down on his knees. Appellant initially complied but then became agitated and said, "Fuck you. You're not really the police. I am not doing anything you tell me to do." Appellant adopted a fighting stance and advanced towards Sergeant Henderson. Sergeant Henderson used his Taser but it seemed to have no effect on appellant. Appellant continued to advance "swinging wildly" and connected with a blow to the side of Sergeant Henderson's head. Appellant attempted to leave and Sergeant Henderson pepper sprayed him. Appellant was eventually detained by other police officers at a park approximately 400 yards away.

Appellant testified on his own behalf. He admitted he resisted the commands of Sergeant Henderson but claimed that he believed Sergeant Henderson was a security guard or part of a neighborhood watch.

## DISCUSSION

We appointed counsel to represent appellant on appeal. After examination of the record, counsel filed an "Opening Brief" in which no issues were raised. On March 28, 2014, we advised appellant that he had 30 days within which to personally submit any contentions or issues which he wished us to consider. No response has been received to date.

2

We have examined the entire record and are satisfied that appellant's attorney has fully complied with his responsibilities and that no arguable issues exist.  (*People v. Wende* (1979) 25 Cal.3d 436, 441.)

The judgment is affirmed.

<u>NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS</u>.